KENNETH P. GUMMELS AND ALLAN McGINNIS D/B/A HUNTINGTON MANOR OF MURPHY, PETITIONER v. NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES, DIVISION OF FACILITY SERVICES, CERTIFICATE OF NEED SECTION, RESPONDENT, AND EVANGELINE OF ANDREWS, INC., RESPONDENT/INTERVENOR

No. 8930SC173

(Filed 6 February 1990)

1. **Rules of Civil Procedure § 24 (NCI3d) — certificate of need — petition for preliminary injunction — intervention**

The trial court did not err by granting Evangeline's petition to intervene in an action in which petitioner (Huntington) sought a preliminary injunction to prevent the department from announcing or awarding a certificate of need for nursing home beds to Evangeline. Although petitioner contended that its petition was for review of the department's declaratory judgment decision not to review its application with the 1 February 1988 cycle and that Evangeline was not a party to and had no interest in that dispute, Evangeline's rights are affected in that the department was enjoined from issuing a certificate of need to Evangeline allocating thirty beds to

it during the pendency of the review process. Also, if the trial court had ordered the department to consider petitioner's application, petitioner might have been awarded all or part of the sixty beds under the department's control. N.C.G.S. 1A-1, Rule 24.

**Am Jur 2d, Administrative Law § 743; Parties §§ 134-137.**

**2. Rules of Civil Procedure § 6 (NCI3d) — hearing on motion to intervene and motion to dismiss — notice**

The trial court did not err by conducting a hearing and entering an order on Evangeline's motion to dismiss at the same hearing in which it granted Evangeline's petition to intervene. N.C.G.S. § 1A-1, Rule 6(d) requires that a written motion and notice of hearing be served not later than five days before the specified time for the hearing, and Rule 6(a) explains that when the period prescribed is less than seven days intermediate Saturdays, Sundays and holidays shall be excluded. Evangeline served petitioners by hand on Sunday, eight days before the matter was heard, giving three days more notice than was required. Moreover, petitioner admits receiving notice and chose not to prepare a defense because it thought that the motion to intervene would be denied.

**Am Jur 2d, Parties § 167.**

**3. Administrative Law § 5 (NCI3d) — certificate of need — preliminary injunction — jurisdiction**

The trial court correctly dismissed for lack of subject matter jurisdiction a petition for a preliminary injunction to delay announcement and issuance of a certificate of need for nursing home beds where there was no challenge to the issuance, denial, or withdrawal of a certificate of need, so that N.C.G.S. § 131E-188 does not apply, and the petition was not properly filed under N.C.G.S. § 150B-45 because the record is completely devoid of any evidence tending to show that petitioner is a resident of Cherokee County. The petition should have been filed in Wake County.

**Am Jur 2d, Administrative Law §§ 731, 732.**

APPEAL by petitioner, Kenneth P. Gummels, and by respondent/intervenor, Evangeline of Andrews, Inc., from *Briggs (Bruce B.), Judge.* Orders entered 25 October 1988 and 27 October 1988

GUMMELS v. N.C. DEPT. OF HUMAN RESOURCES

[97 N.C. App. 245 (1990)]

in Superior Court, CHEROKEE County. Heard in the Court of Appeals 19 September 1989.

*Harrell & Leake, by Larry Leake, for petitioner-appellant Huntington Manor of Murphy.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General James A. Wellons, for respondent-appellee N. C. Department of Human Resources.*

*Bode, Call & Green, by Robert V. Bode and Diana E. Ricketts, for respondent-appellee Evangeline of Andrews, Inc.*

ORR, Judge.

On 19 January 1988, petitioner, a partnership which does business as Huntington Manor of Murphy, filed applications for a Certificate of Need (CON) with the North Carolina Department of Human Resources, Division of Facility Services in the Certificate of Need Section (the Department). The deadline for filing such applications was 15 January 1988. Having missed that deadline, petitioner was informed that its applications would not be considered with those which were timely received for the 1 February 1988 review.

Thereafter, on 20 January 1988, petitioner wrote a letter to the Department requesting a declaratory ruling regarding "procedural inconsistency between the North Carolina Certificate of Need (CON) Program Administrative Rules and the 1988 N. C. State Medical Facilities Plan ('SMFP') affecting the 1990 nursing home bed need allocation." Petitioner urged the Department to issue a ruling admitting its applications into the 1 February 1988 review process.

By letter dated 9 March 1988, the Department informed petitioner of its declaratory ruling affirming its decision not to consider petitioner's applications. Then, on or about 13 May 1988, petitioners filed a petition with the Superior Court of Cherokee County seeking a temporary restraining order and a preliminary injunction to prevent the Department from announcing its intent to award the certificate of need and to postpone the actual awarding of the same. That petition was granted by order of Superior Court Judge Marlene Hyatt entered 15 June 1988. However, prior to the entry of that judgment, on 3 June 1988, the Department announced its intent

to issue the certificate of need to respondent Evangeline of Andrews, Inc. (Evangeline).

On 21 September 1988, Evangeline filed a motion for intervention as a respondent. On 17 October 1988, Evangeline served petitioners with a notice of hearing for that motion, and a notice of its motion to dismiss for lack of subject matter jurisdiction. Those motions were heard on 25 October 1988. Over petitioner's objections, Evangeline was allowed to intervene. The court thereafter granted its motion to dismiss. From that order, petitioner appeals.

I.

[1] The first issue raised by petitioner is whether the court erred in granting respondent Evangeline's petition to intervene in the action between it and respondent Department. Petitioner contends that its petition before the trial court was for review of the Department's declaratory judgment decision not to review its certificate of need with those considered in the 1 February 1988 cycle. Since respondent Evangeline was not a party to that dispute and, according to petitioner, has no interest in this matter, it should not have been permitted to intervene. Petitioner claims that just because Evangeline may have an interest in the ultimate resolution of the dispute between itself and the Department—the future allocation of the limited resources—it is not legally entitled to intervene as a matter of right. Furthermore, petitioner argues that Evangeline had no right to intervene as a competing applicant since the scope of review for the declaratory judgment related only to the Department's refusal to consider petitioner's application and not to whether petitioner filed a better application than Evangeline.

Respondent Evangeline argues that it was entitled to intervene because its rights were substantially affected by the agency's decision and by the court's injunction. Consequently, it claims that it was entitled to intervene as a "person aggrieved" under G.S. 150B-46. It also claims a right to intervene in the allocation of the beds which is the subject of the dispute between petitioners and the Department.

The court heard Evangeline's motion to intervene at which time it found that "it appearing to the Court that [Evangeline] has an absolute right to intervene pursuant to Rule 24(a)(1) of the North Carolina Rules of Civil Procedure on the grounds that

N.C.G.S. 150(b)-46 [sic] states that any person agrieved [sic] may petition to become a party to a petition seeking judicial review . . . ."

G.S. 1A-1, Rule 24 entitled "Intervention[,]" allows anyone to intervene as a matter of right when there is either statutory authority for the intervention, or "[w]hen the applicant claims an interest relating to the property or transaction which is the subject of the action . . . ." Furthermore, the applicant must be in jeopardy of having his rights impaired or impeded if the action is decided in his absence, and his rights are not adequately represented. *Id.*

The record before us demonstrates there was a total of 60 beds which could be allocated to applicants in Cherokee County. Petitioner is presently seeking to have all 60 of them allocated for its use. Evangeline has made application for 30 of the 60 beds. Evangeline's rights are affected by petitioner's request for review of the Department's refusal to consider its application in that the Department was enjoined from issuing a certificate of need to Evangeline allocating the 30 beds to it during the pendency of the review process which petitioner requested. Furthermore, had the trial court reversed the Department's declaratory judgment and ordered it to consider petitioner's application, petitioner might have been awarded all or part of the 60 beds which are under the Department's control. Evangeline was awarded the certificate of need, and it was at risk of having its interests substantially impaired.

Therefore, we find that the court did not err in granting Evangeline's petition to intervene under G.S. 1A-1, Rule 24. Due to this conclusion, we find it unnecessary to discuss Evangeline's right to intervene under G.S. 150B-46. This assignment of error is overruled.

## II.

[2] The next issue before us is whether the court erred in conducting a hearing and entering an order on Evangeline's motion to dismiss at the same hearing in which it granted Evangeline's petition to intervene. Petitioner argues that Evangeline served its motion to dismiss at the same time that it served its notice of hearing on its motion to intervene. Petitioner contends that Evangeline should have waited until after its petition for intervention was granted. Then it could have served notice of its motion to dismiss pursuant to the time limits prescribed by G.S. 1A-1, Rule 6(d).

Respondent Evangeline argues that petitioner was not prejudiced by serving its motion to dismiss along with the notice of hearing because G.S. 1A-1, Rule 7 grants courts authority to hear motions made orally at the hearings in the causes to which the motions relate. Therefore, even if it had not served the motion to dismiss on petitioner in advance of the hearing, it could have orally motioned the court at the hearing and the result would have been the same. Respondent Department agrees with that argument and further argues that Evangeline's filing and serving a written motion to dismiss before the hearing on its motion to intervene does not "trigger" the notice requirements imposed by G.S. 1A-1, Rule 6(d).

Focusing our attention on G.S. 1A-1, Rule 6(d), we find the rule requires that "[a] written motion, . . . and notice of hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed . . . ." Part (a) of Rule 6 explains the method of computing time when the period prescribed is less than seven (7) days. In that case, "intermediate Saturdays, Sundays and holidays shall be excluded in the computation."

Here, Evangeline served petitioners with its motion and notice of hearing by hand delivering the same on Sunday, October 17, 1987. The matter was heard some eight days later. The notice that was given was three days more than what was required, because five days from Sunday, 17 October, was Friday, 22 October 1988. Consequently, Evangeline was in compliance with Rule 6. Furthermore, petitioner admits that it received notice of Evangeline's motion. It simply chose not to prepare a defense because it "belie[ved]" that the motion to intervene would be denied.

### III.

[3] The final issue raised by petitioner is whether the court erred in dismissing petitioner's petition for review because it found that the Superior Court of Cherokee County did not have subject matter jurisdiction over this matter. Petitioner contends that its petition pertained to the Department's decision not to consider its application. Therefore, its right to a review is controlled by G.S. 150B-45 of the Administrative Procedure Act and not under G.S. 131E-188 which petitioner claims deals *exclusively* with the issuance, denial or withdrawal of a certificate of need. In order to obtain judicial review under G.S. 150B-45 (1987), "the person seeking review must

file a petition in the Superior Court of Wake County or in the Superior Court of the county where the person resides." Petitioner argues that this statute entitled it to bring an action in Cherokee County Superior Court because that county is most "substantially impacted" by the decision of the Department.

Respondents Evangeline and the Department argue that petitioner's right to a review is exclusively controlled by G.S. 131B-188 which specifically addresses the review process for matters relating to certificates of need. In the alternative, respondents contend that if G.S. 131E-188 does not control and G.S. 150B-45 does, petitioner incorrectly filed its petition for review in Cherokee County. Respondents argue the petitioner is a partnership comprised of out of state residents. G.S. 150B-45 allows a petitioner to initiate its request for review either in Wake County or the county in which the petitioner resides. Since petitioner does not meet the residency requirements of Cherokee County, Wake County Superior Court is the only possible forum for this action if G.S. 150B-45 is controlling.

In order to properly decide this issue, we must first determine whether this question is controlled by G.S. 150B or by G.S. 131E. We must then determine whether petitioner complied with the requirements of whichever of the two statutes applies.

Looking first at G.S. 131E, that chapter regulates health care facilities and services. Article 9 of that chapter relates specifically to certificates of need. Section 131E-188 contains the provisions for administrative and judicial review. According to that proviso, "[a]fter a decision of the Department to issue, deny or withdraw a certificate of need . . . " any affected person is entitled to have a contested case hearing. G.S. 131E-188(a) (1988) (emphasis added). By its own terms, that statute only applies to challenges relating to the *issuance, denial* or *withdrawal* of certificates of need. Because the problem before us does not concern such a challenge, we find that G.S. 131E is inapplicable.

Next, we must focus on G.S. 150B, the Administrative Procedure Act. Article 4 of that act sets out the rights and procedures concerning judicial review of administrative decisions. Under G.S. 150B-17, a person aggrieved may request an agency to issue a declaratory ruling as to the validity of a rule or as to the applicability of an agency rule to a particular set of facts. Such a declaratory ruling may be judicially reviewed "in the same manner as an order

in a *contested case*." G.S. 150B-17 (1987) (emphasis added). In accordance with Article 4, a person aggrieved by a final decision in a contested case is entitled to judicial review. G.S. 150B-43. "To obtain judicial review of a final decision under this Article, the person seeking review must file a petition in the Superior Court of Wake County or in the superior court of the county where the person resides." G.S. 150B-45 (1987).

In the case at bar, petitioner, a partnership, filed its petition for judicial review in Cherokee County. That petition was correctly filed if, and only if, the partnership "resides" in Cherokee County. *See* G.S. 150B-45. Article 1 of the Administrative Procedure Act defines "residence," or the place where one "resides" as the domicile or principal place of business. G.S. 150B-2(8) (1987).

The record before us is completely devoid of any evidence which would tend to show that petitioner is a resident of Cherokee County. The letters which were written by petitioner to the Department have an Atlanta, Georgia return address. All correspondence sent to petitioner was sent to a Georgia address. There is no evidence in the record that petitioner has filed a certificate of assumed name with Cherokee County. Mr. Gummels and Mr. McGinnis, the members of the partnership, have not demonstrated that they were residents of this State when their petition was filed. Most importantly, the trial court found that petitioner is not a resident of Cherokee County. In the absence of any evidence to show that such a finding was erroneous, we are bound thereby. G.S. 150B-51. Therefore, petitioner should have filed its petition for review in Wake County Superior Court.

For the reasons stated above, we find the court properly dismissed this petition for lack of subject matter jurisdiction. Petitioners' claim that respondent Department never before contested subject matter jurisdiction is without merit. Such a challenge can be made at any time because subject matter jurisdiction cannot arise by waiver. *Bache Halsey Stuart, Inc. v. Hunsucker*, 38 N.C. App. 414, 248 S.E.2d 567 (1978), *cert. denied*, 296 N.C. 538, 254 S.E.2d 32 (1979).

Because of the decisions reached herein, we decline to address any of respondent's cross-assignments of error. The judgment entered below is affirmed and the injunction entered below is hereby dissolved.

Affirmed.

Judges WELLS and JOHNSON concur.